14-1436-cv
*Richter v. Conn. Judicial Branch*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

ELIZABETH A. RICHTER,

     *Plaintiff-Appellant,*

     v.                                                    No. 14-1436-cv

THE CONNECTICUT JUDICIAL BRANCH;
O'CONNELL, ATTMORE & MORRIS, LLC;
HERBERT BARALL, JUDGE,

     *Defendants-Appellees.**

---

**FOR PLAINTIFF-APPELLANT:**            Elizabeth A. Richter, *pro se*, Canton, CT.

**FOR DEFENDANTS-APPELLEES
CONNECTICUT JUDICIAL BRANCH
AND HERBERT BARALL:**                  Maura Murphy Osborne, Assistant Attorney
                                       General, *for* George Jepsen, Attorney General,

---

\* The Clerk of Court is directed to amend the official caption to conform with the above.

Connecticut Office of the Attorney General, Hartford, CT.

**FOR DEFENDANT-APPELLEE
O'CONNELL, ATTMORE & MORRIS LLC:**     Diane C. Mokriski and Robert B. Flynn, O'Connell, Attmore & Morris, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Elizabeth A. Richter, proceeding *pro se*, appeals the dismissal of her claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Section 504 of the Rehabilitation Act ("§ 504"), 29 U.S.C. § 794, the Due Process Clause of the Fourteenth Amendment, and Connecticut state law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We also review *de novo* a district court's dismissal of an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

Upon our *de novo* review, we conclude that the District Court correctly ruled that: (1) Richter's claims against Judge Herbert Barall are aimed at judicial, rather than administrative, activity and are thus barred by absolute judicial immunity; (2) Richter's claims against O'Connell, Attmore & Morris, LLC are time barred; (3) Richter fails to state a retaliation claim against the Connecticut Judicial Branch (the "Judicial Branch"); and (4) Richter's due process and discrimination claims against the Judicial Branch are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction to review "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district

2

court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Hoblock*, 422 F.3d at 85. Here, Richter alleges that: (1) the Judicial Branch failed to provide her with reasonable accommodations for her stress and anxiety; (2) she thus had difficulty comprehending and participating in court proceedings, which deprived her of meaningful access to the courts; and (3) the adverse judgments resulting from those proceedings are thus invalid and should be overturned. Reaching the merits on these claims would necessarily have required the District Court to reassess the State Court's judgments. The District Court therefore properly concluded that it lacked subject matter jurisdiction over these claims.[1]

## **CONCLUSION**

We have considered all of the arguments raised by Richter on appeal and find them to be without merit. For the reasons stated above, the March 28, 2014 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The court may have erred, in light of the broader definition of disability under the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), in holding that Richter's alleged impairment was insufficiently permanent to qualify as an actual disability under the statute. We need not reach this question, however, as Richter's actual disability claims, like her perceived disability claims, are barred by the *Rooker-Feldman* doctrine. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F. 3d 400, 405 (2d Cir. 2006) (providing that this Court may "affirm a decision on any grounds supported in the record").

3